UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NASEAN BONIE,

                              Plaintiff,

              v.

ANTHONY ANNUCCI, *et al.*,

                              Defendants.

No. 20-CV-640 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

Plaintiff Nasean Bonie ("Plaintiff"), currently incarcerated at Green Haven Correctional

Facility ("Green Haven"), brings this pro se Action, pursuant to 28 U.S.C. § 1983, alleging that

Defendants have violated his First, Fourth, Eighth and Fourteenth Amendment rights.  (*See* Am.

Compl. 2 (Dkt. No. 19).)[1]  Plaintiff seeks compensatory damages of $10,000,000 and punitive

damages of $5,000,000 against each Defendant, as well as declaratory relief and preliminary and

permanent injunctions.  (*Id.* at 18–19.)  By Order dated February 13, 2020, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").  (*See*

Dkt. No. 7.)

On January 22, 2020, Plaintiff submitted an Application for Assignment of Pro Bono

Counsel.  (*See* Pl.'s Appl. (Dkt. No. 3).)  Plaintiff reiterated his request for pro bono counsel in

two letters to the Court docketed on March 4 and March 5, 2020.  (*See* Letter from Pl. to Court

(Mar. 4, 2020) ("Mar. 4 Pl. Letter"); Letter from Pl. to Court (Mar. 5, 2020) ("Mar. 5 Pl. Letter")

(Dkt. Nos. 11–12).)  Plaintiff states that he is unable to afford counsel, and that his imprisonment

"greatly limit[s] his ability to litigate," given that the issues involved in the case are "complex,

---

[1] For ease of reference, citations to all of Plaintiff's submissions refer to ECF-generated
page numbers listed at the top of the document.

and will require significant research and investigation." (Pl.'s Appl. 1.) Plaintiff claims that he has "limited access to the law library and limited knowledge of the law," and that he suffers from post-traumatic stress disorder ("PTSD") from the "Iraq War." (*Id.* at 1–2.) He also argues that because a trial will likely involve conflicting testimony, having counsel would enable Plaintiff to more effectively present evidence and cross-examine witnesses. (*Id.* at 2.) Finally, Plaintiff states that he "has made repeated efforts to obtain a lawyer," (*id.*), and that the "case . . . [is] very difficult for [him]," (Mar. 5 Pl. Letter 3.) For the following reasons, Plaintiff's request for counsel is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Tristman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that [he] is unable to obtain counsel before appointment will even be considered." (quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Construing the Amended Complaint liberally, Plaintiff alleges various instances of sexual assault, retaliation, threats, and excessive force, (Am. Compl. 12–13, 15, 18), stealing of his mail and personal belongings, (*id.* at 15, 18), and denial and delay of mental health and medical treatment, (*id.* at 16–18). Regarding the first prong of two-step inquiry outlined in *Hodge*, for the purpose of addressing the request for the appointment of counsel, the Court construes Plaintiff's Amended Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *Johnston*, 606 F.3d at 41 (quotation marks

omitted).  As to the second inquiry regarding prudential factors, however, the Court finds that Plaintiff has not demonstrated why he needs counsel.

Thus far, Plaintiff has not provided the Court with sufficient information to demonstrate undue difficulty pursuing his case without assistance of counsel.  Although Plaintiff's "incarceration obviously presents an obstacle for his prosecution of the case," "his complaint articulates a clear . . . statement of the facts, demonstrating his ability to present his case." *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006); *see also Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *2 (S.D.N.Y. Apr. 9, 1999) (noting that the plaintiff's amended complaint was "well drafted" and thus "demonstrate[s] . . . that [the] plaintiff is capable of presenting his positions clearly").  While Plaintiff notes that he has "limited knowledge of the law," (Pl.'s Appl. 1), a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel," *Tramun v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 3303773, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (record citation, alterations, and quotation marks omitted)).  Further, even though Plaintiff has "limited access to the law library," (Pl.'s Appl. 1), this factor alone "does not alter the Court's analysis as to the remaining *Hodge* factors."  *Arnold v. County of Westchester*, No. 16-CV-9552 at Dkt. No. 38 (S.D.N.Y. Apr. 4, 2017); *see also Perkins v. Napoli*, No. 08-CV-6248, 2010 WL 1056347, at *2 (W.D.N.Y. Mar. 19, 2010) (denying a plaintiff's motion for appointment of counsel where the plaintiff alleged he had no access to the law library, because "inmates in administrative segregation [had] access to legal materials and documents" (citation omitted)).  Furthermore, as the Supreme Court observed in *Lewis v. Casey*,

518 U.S. 343 (1996), there is no "abstract, freestanding right to a law library or legal assistance." *Id.* at 351.

Moreover, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Plaintiff's claims are largely based on the retelling of events that happened in his presence, and "do not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to the plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [that] might be crucial to [P]laintiff's ability to substantiate his claim[s]." *Guzman*, 1999 WL 199068, at *1. While Plaintiff may need to cross-examine witnesses, should the case proceed to trial, "this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011).

Plaintiff also contends that he suffers from PTSD. (Pl.'s Appl. 2.) "Although a plaintiff's disability can support an application for counsel, here, Plaintiff does not detail the nature of extent of his disability." *Walters v. NYC Health Hospital Corp.*, No. 02-CV-751, 2002 WL 31681600, at *2 (S.D.N.Y. Nov. 25, 2002) (*citing Carey v. Smith*, No. 90-CV-7245, 1992 WL 316140 (S.D.N.Y. 1992) (granting request for appointment of counsel in part due to a long history of mental problems and petitioner's classification by the New York State Office of Mental Health as requiring a high degree of mental health attention)). "[I]n the absence of any

supporting medical evidence, [P]laintiff has not demonstrated that his [mental illness] presents a permanent hindrance to him prosecuting his case." *Douglas v. Salotti*, No. 15-CV-636, 2017 WL 1382094, at *1 (W.D.N.Y. Apr. 18, 2017) (citations omitted); *see also Thousand v. Wrest*, No. 14-CV-6616, 2016 WL 3477242, *6 (W.D.N.Y. 2016) ("[W]hile [the p]laintiff contends that his . . . impairment is a factor weighing in favor of appointment of counsel, it does not appear that such impairment has hindered him."); *Walters*, 2002 WL 31681600, *2 ("Although a plaintiff's disability can support an application for counsel . . . here . . . . it appears . . . that any purported disability has not significantly hampered [the p]laintiff's ability to prosecute his case to date.").

Finally, although Plaintiff generally describes his efforts to obtain counsel, (Pl.'s Appl. 2), this factor alone also does not outweigh the additional *Hodge* factors discussed above. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel ... [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"). Further, although Plaintiff asserts that he has made "repeated attempts to obtain a lawyer," (Pl.'s Appl. 2), it is unclear how many attorneys he has contacted and whether those attorneys have actually declined to represent him. Plaintiff also does not indicate whether he has reached out to "legal clinics or other non-profit organizations," which indicates a potentially insufficient inquiry. *See Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013); *see also Mena*, 2013 WL 1165554, at *1 (finding that the plaintiff's "search was certainly not an exhaustive one").

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their

necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Should circumstances materially change, Plaintiff may renew this request at a later date.

The Clerk of the Court is respectfully directed to terminate the pending Motion, (*see* Dkt. No. 3), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:     April 2, 2020
           White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE