UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NASEAN BONIE,

                Plaintiff,

          v.

ANTHONY ANNUCCI; SUPERINTENDENT ROYCE; ILESHEMA THOMAS A/K/A MIMI/OFFICER THOMAS; SERGEANT COBB; SERGEANT MAZZALLA; OFFICER BROGAN; OFFICER RUIZ; *and* OFFICER MATTHEWS, *individually and in their official capacities*,

                Defendants.

No. 20-CV-0640 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Plaintiff, currently incarcerated at Green Haven Correctional Facility, brings this pro se Action under 42 U.S.C. § 1983, alleging that Defendants are violating his constitutional rights. By Order dated February 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1] Plaintiff originally named Anthony Annucci, Superintendent Royce, and Ileshema Thomas, a/k/a Mimi/Officer Thomas, as Defendants. (*See* Compl. (Dkt. No. 2).) By Order dated February 19, 2020, the Court directed service on these three Defendants. (Dkt. No. 9.) These Defendants were served in March 2020. (*See* Dkt. Nos. 32–34.)

    On March 30, 2020, Plaintiff filed an Amended Complaint, naming as additional Defendants Sergeant Cobb, Sergeant Mazzalla, Officer Brogan, Officer Ruiz, and Officer Matthews. (*See* Am. Compl. (Dkt. No. 19).) On May 22, 2020, Defendants Annucci, Royce, and

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Thomas filed a letter requesting an extension of time to respond to the Amended Complaint, due to the fact that Defendants Cobb, Mazzalla, Brogan, Ruiz, and Matthews had not yet been served with the Amended Complaint. (Dkt. No. 55.) The Court granted the request for an extension. (Dkt. No. 57.)

## I. Discussion

### A. Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and Amended Complaint until the Court reviewed the Amended Complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Cobb, Mazzalla, Brogan, Ruiz, and Matthews through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S.

Marshals Service Process Receipt and Return form ("USM-285 Form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

B.  Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this Action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Amended Complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

II.  Conclusion

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 Forms with the addresses for Defendants Cobb, Mazzalla, Brogan, Ruiz, and Matthews and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this Action.

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 26, 2020
        White Plains, New York

                                          KENNETH M. KARAS
                                       United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Sergeant Cobb
   Green Haven Correctional Facility
   594 NY-216
   Stormville, New York 12582

2. Sergeant Mazzalla
   Green Haven Correctional Facility
   594 NY-216
   Stormville, New York 12582

3. Officer Brogan
   Green Haven Correctional Facility
   594 NY-216
   Stormville, New York 12582

4. Officer Ruiz
   Green Haven Correctional Facility
   594 NY-216
   Stormville, New York 12582

5. Officer Matthews
   Green Haven Correctional Facility
   594 NY-216
   Stormville, New York 12582